PANEL ESPECIAL VI

| VICTOR MIRANDA SANTANA<br><br>RECURRENTE<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>RECURRIDO | TA2025RA00091 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso núm.: Remedio Administrativo Núm. B-603-25<br><br>Sobre: Remedio administrativo |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

**Ortiz Flores, Jueza Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 1 de diciembre de 2025.

Comparece por derecho propio el Sr. Víctor Miranda Santana (Sr. Miranda Santana o parte recurrente) mediante un escrito titulado *mandamus,* el cual se acoge como recurso de *Revisión Administrativa* y nos solicita que ordenemos a Caribbean University, Recinto de Bayamón (Caribbean University), a que: (1) desglose el costo por ciclo y por total de cursos; e (2) indique "dónde está el sobrante" del *Federal Student Aid.*

**I**

El Sr. Miranda Santana acude ante este Tribunal el 14 de julio de 2025, mediante el escrito titulado *mandamus*, el cual se acoge como recurso de *Revisión Administrativa*, y alegó que se encontraba confinado en la Institución Correccional de Bayamón 501 cumpliendo sentencia. Expone en su escrito que, para el 12 de enero de 2024, "fue matriculado en el curso de Asociado de Ingeniería Eléctrica de Caribbean University ofrecido por la Caribbean University, y costeado por beca [federal]". El recurrente afirma que cada beca era de $7,395 dólares otorgados por el Federal Student Aid, y que fueron renovados para cada ciclo de estudio.

El recurrente **alegó que ha agotado todos los remedios disponibles, incluyendo la presentación de una *Solicitud de Remedio Administrativo* ante el Departamento de Corrección y Rehabilitación de Puerto Rico (DCR)** en el caso **con el fin de obtener un desglose del total de su matrícula durante esos cinco ciclos y para que se le otorgue el sobrante de la beca otorgada por el *Federal Student Aid*.**

Por su parte, el 18 de junio de 2025, el DCR emitió una *Respuesta al Miembro de la Población Correccional.*[1] El DCR alegó que refirió la reclamación del Sr. Miranda Santana a la Sra. Sanabria en Caribbean University para que se orientara al confinado. La parte recurrente acudió ante nos mediante el presente recurso de *mandamus* y nos solicita que ordenemos a la Sra. Sanabria y a Caribbean University a desglosar el costo por ciclo de su matrícula y explicar "dónde está el sobrante" de su beca otorgada por el *Federal Student Aid*.

**II**

**A. Solicitud de Remedios ante el Departamento de Corrección**

El *Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional*, Reglamento Núm. 8583, 4 de mayo de 2015 (Reglamento Núm. 8583). El Reglamento Núm. 8145, *supra*, establece el procedimiento para **atender las solicitudes de remedios presentadas por las personas recluidas en las instituciones correccionales de Puerto Rico**, las cuales **se atenderán ante la División de Remedios Administrativos**. Las Reglas XII, XIII, XIV y XV del Reglamento Núm. 8145, *supra*, en lo pertinente al recurso ante nuestra consideración, regulan las solicitudes de remedio de la siguiente manera:

**REGLA XII - PROCEDIMIENTO PARA LA RADICACIÓN DE SOLICITUDES**

1. Para iniciar la Solicitud de Remedios Administrativos el miembro de la población correccional deberá completar el Formulario de Solicitud establecido para ello, el cual será provisto por la División.

---

[1] Apéndice del recurso *Resolución Recurrida*, págs. 1-2.

2. El miembro de la población correccional tendrá quince (15) días calendario, contados a partir de advenir en conocimiento de los hechos que motivan su solicitud para radicar la misma […].

3. Cada institución correccional contará con buzones donde los miembros de la población correccional depositarán las Solicitudes de Remedio. […].

4. El Evaluador y oficial correccional designado por el superintendente son las personas responsables de visitar periódicamente las áreas de vivienda de las instituciones o facilidades correccionales para recoger las solicitudes en el buzón, durante horas y días laborables. Será responsabilidad del superintendente o del comandante de la guardia asignar un oficial correccional para que ofrezca la seguridad a éstos.

5. El evaluador le entregará al miembro de la población correccional copia de la Solicitud de Remedio debidamente enumerada, fechada, firmada y codificada. Mantendrá un índice de las solicitudes, identificándolas mediante la asignación de un número. La entrega de la copia de la solicitud al miembro de la población correccional deberá efectuarse en un término de diez (10) días laborables, salvo que medie justa causa para la demora.

6. El Evaluador referirá la Solicitud de Remedio al superintendente de la institución, […] en un término no mayor de quince (15) días laborables a partir del recibo de la misma.

7. […].

8. […].

**REGLA XIII - PROCEDIMIENTO PARA EMITIR RESPUESTAS**

1. El Evaluador utilizará todos los procedimientos que estime necesarios para la obtención de la información requerida para brindar una respuesta adecuada al miembro de la población correccional. En aquellos casos en que el Evaluador a cargo de emitir respuesta necesite información contenida en algunos de los expedientes del miembro de la población correccional (social, criminal o médico) o cualquier otro expediente o documentos oficiales, podrá solicitar una certificación o interpretación del expediente sobre la información requerida.

2. Será obligación del superintendente de la institución, […], dar seguimiento a las áreas pertinentes para que le respondan sobre las alegaciones vertidas en la solicitud y poder cumplir con el término de quince (15) días laborables desde que fue notificado por escrito. La respuesta a la solicitud no podrá ser realizada por un empleado que haya estado involucrado en la situación planteada. La misma deberá ser emitida por el supervisor inmediato.

3. En situaciones donde un miembro de la población correccional o varios de éstos, de manera individual, radiquen una solicitud sobre la misma situación, el Evaluador a su discreción o por instrucciones del Coordinador Regional, podrá consolidar las mismas, entregando a cada miembro de la población correccional una respuesta individual o una sola respuesta de ser el caso de un miembro de la población correccional que radicó varias solicitudes sobre el mismo asunto. (Luego de haberse revisado el expediente de remedios administrativos)

4. Una vez el Evaluador recibe la información requerida, contestará y entregará por escrito la respuesta al miembro de la población correccional dentro del término de veinte (20) días laborales. […].

5. El Evaluador tiene la facultad para desestimar las siguientes solicitudes:

   a. Que no haya cumplido con el trámite procesal del presente Reglamento; incluyendo lo establecido en la Regla VII.

   b. Solicitud de Remedio Administrativo sin haberse gestionado la solución del problema planteado con el superintendente de la institución, encargado del Hogar de Adaptación Social, coordinador del Centro de Tratamiento Residencial, o con el área concerniente.

   c. Solicitud de Remedio radicada fuera del término establecido.

   d. Solicitud de remedio radicada más de una vez sobre el mismo asunto, por el mismo miembro de la población correccional, salvo que la situación vuelva a repetirse o que no se le haya resuelto anteriormente.

   e. Por falta de jurisdicción, según se define en la Regla VI de este Reglamento.

   f. Toda Solicitud de Remedio que sea contraria a la moral, a la ley, al orden público y a la rehabilitación del miembro de la población correccional.

   g. Cuando el miembro de la población correccional emita opiniones o solicite información en su solicitud que no conlleve a remediar una situación de su confinamiento.

   h. Cuando plantee dos (2) asuntos de diferentes áreas en la misma solicitud.

   i. Que contenga lenguaje obsceno, palabras soeces o amenaza contra algún funcionario. En el caso de contener amenazas contra algún funcionario se podrá referir al proceso disciplinario.

   j. Solicitud de remedios fútil o insustancial que no conlleve a remediar su situación de confinamiento.

## REGLA XIV – REVISIÓN DE RESPUESTA DE RECONSIDERACIÓN DE REMEDIOS ADMINISTRATIVOS

1. Si el miembro de la población correccional **no estuviere de acuerdo con la respuesta emitida, podrá solicitar la revisión, mediante escrito de Reconsideración** ante el Coordinador, **dentro del término de veinte (20) días**

**calendarios, contados a partir del recibo de la notificación de la respuesta**.

2. En dicha solicitud será responsabilidad del miembro de la población correccional mencionar el número de la solicitud de remedio que está reconsiderando y no podrá incluir nuevos planteamientos que no fueron incluidos en la solicitud original.

3. El Evaluador deberá remitir inmediatamente al Coordinador la Solicitud de Reconsideración con el expediente del caso para la evaluación correspondiente.

4. El Coordinador una vez recibida la Solicitud de Reconsideración por parte del Ev[aluador], tendrá quince (15) días para emitir una respuesta al miembro de la población correccional si acoge o no su solicitud de reconsideración.

   Si se denegara de plano o el miembro de la población correccional no recibe respuesta de su solicitud de reconsideración en el término de quince (15) días, podrá recurrir, por escrito, en revisión judicial ante el Tribunal de Apelaciones. Este término comenzará a correr nuevamente desde el recibo de la notificación de negativa o desde que se expiren los quince (15) días, según sea el caso.

   Si se acoge la solicitud de reconsideración, el Coordinador tendrá treinta (30) días laborables para emitir Resolución de Reconsideración. Este término comenzará a transcurrir desde la fecha en que se emitió la respuesta de reconsideración al miembro de la población correccional salvo que medie justa causa.

5. El Evaluador entregará al miembro de la población correccional, dentro del término de cinco (5) días laborables a partir del recibo de la respuesta de solicitud de reconsideración emitida por el coordinador.

6. El Coordinador podrá consolidar Reconsideraciones de varios miembros de la población correccional de una misma institución, sobre un mismo problema. En estos casos se emitirá una sola Respuesta de Reconsideración y la misma será notificada individualmente a los miembros de la población correccional concernidos.

7. El Coordinador podrá establecer un término de días para que el personal del área concernida emita respuesta a las resoluciones interlocutorias.

8. En caso de ser necesario un Oficial Examinador de la División Legal de la Agencia podrá ante una situación de emergencia asistir al Coordinador en emitir Respuestas de Reconsideración a los miembros de la población correccional.

**REGLA XV - REVISIÓN JUDICIAL ANTE EL TRIBUNAL DE APELACIONES**

1. **El miembro de la población correccional podrá solicitar revisión ante el Tribunal de Apelaciones, dentro del término de treinta (30) días calendarios, contados a partir de la fecha del archivo en autos de la copia de la Notificación de la Reconsideración, emitida por el Coordinador de Remedios Administrativos o noventa (90) días a partir de la radicación de la Solicitud de Reconsideración acogida, si la Agencia no actúa conforme a la misma**.

2. El miembro de la población correccional que solicite Revisión Judicial vendrá obligado a notificar con copia de la misma al Departamento de Corrección y Rehabilitación, dentro del término de treinta (30) días. Se entenderá que no se ha instado Revisión Judicial ante el Tribunal General de Justicia si han transcurrido treinta (30) días de archivada en autos copia de la Resolución. En este caso, el Departamento de Corrección y Rehabilitación podrá disponer del expediente administrativo del caso.

3. Los errores de forma en las Resoluciones o los que aparezcan en las mismas por inadvertencia u omisión podrán corregirse por el Coordinador en cualquier momento, a su propia iniciativa o por moción de cualquier parte. La corrección de dichos errores, por el mecanismo procesal de una "Enmienda Nunc Pro Tunc", no interrumpirán los términos para acudir en revisión judicial.

La Regla VI del Reglamento Núm. 8583, *supra*, confiere jurisdicción a la División de Remedios Administrativos de la institución penal correspondiente para seguir el procedimiento arriba expuesto y atender toda *Solicitud de Remedio* sobre actos o incidentes que afecten al miembro de la población correccional en su bienestar físico, mental, en su seguridad personal o en su plan institucional. Cuando la *Solicitud de Remedio* es presentada oportunamente, la misma es atendida por un Evaluador quien emite la *Respuesta al Miembro de la Población Correccional*, donde se incluye la advertencia sobre su derecho a solicitar revisión mediante escrito de *Reconsideración* ante el Coordinador de la División de Remedios Administrativos según se provee en las Reglas XIV y XV del Reglamento Núm. 8583, *supra*. El Coordinador, por su parte, también hace la evaluación correspondiente y emite una *Respuesta de Reconsideración* donde se

incluye la advertencia sobre el derecho del miembro de la población correccional de acudir en revisión ante el Tribunal de Apelaciones según dispone la Regla XV del Reglamento Núm. 8583, *supra*. Por tanto, es desde la *Respuesta de Reconsideración* que surge el derecho de recurrir ante el Tribunal de Apelaciones en el término de treinta (30) días que provee la Regla XV antes citada.

### B. El auto de *mandamus*

El Artículo 649 del Código de Enjuiciamiento Civil define al mandamus como "un auto altamente privilegiado dictado por el Tribunal Supremo del Estado Libre Asociado, o por el Tribunal Superior de Puerto Rico, a nombre del Estado Libre Asociado de Puerto Rico, y dirigido a alguna persona o personas naturales, a una corporación o a un tribunal judicial de inferior categoría, dentro de su jurisdicción, requiriéndoles para el cumplimiento de algún acto que en dicho auto se exprese y que esté dentro de sus atribuciones o deberes". 32 LPRA sec. 3421. La frase "altamente privilegiado" contenida en el artículo 649, *supra*, se refiere a que la expedición del auto no se invoca como cuestión de derecho, sino que descansa en la sana discreción del foro judicial. *Asoc. Res. Piñones, Inc. v. J.C.A.*, 142 DPR 599, 604 (1997). La expedición del auto de mandamus procede para hacer cumplir un deber ministerial claramente establecido por ley o que resulte del empleo, cargo o función pública. *Noriega v. Hernández Colón*, 135 DPR 406, 447-448 (1994). Un deber ministerial es un deber impuesto por la ley que no permite discreción en su ejercicio, sino que es mandatorio e imperativo. El acto es ministerial cuando la ley prescribe y define el deber que debe ser cumplido con tal precisión y certeza que no da margen al ejercicio de la discreción o juicio. *Álvarez de Choudens v. Tribunal Superior*, 103 DPR 235, 242 (1974).

En lo pertinente, la Regla 54 de Procedimiento Civil, 32 LPRA Ap. V, R. 54., dispone que solo procede expedir el auto de mandamus cuando "el derecho a exigir la inmediata ejecución de un acto sea evidente y aparezca que no se podrá dar ninguna excusa para no ejecutarlo […]". Además, esta

regla dispone que "[e]l auto de mandamus, tanto perentorio como alternativo, podrá obtenerse presentando una solicitud jurada al efecto". Id.

La norma claramente establecida por nuestro máximo foro judicial establece que, para mover la discreción de un tribunal hacia la expedición de un mandamus, no es suficiente con que el promovido tenga el deber ministerial alegado, sino que el promovente también debe tener un derecho definido a lo reclamado. *Espina v. Calderón, Juez, y Sucn. Espina, Int.*, 75 DPR 76, 84 (1953). El derecho del promovente y el deber del demandado deben surgir en forma clara y patente. *Hernández Agosto v. Romero Barceló*, 112 DPR 407, 418 (1982). El auto de mandamus no podrá dictarse en los casos en que se encuentre un recurso adecuado y eficaz en el curso ordinario de la ley. 32 LPRA sec. 3423.

Por último, debemos señalar que en *Dávila v. Superintendente de Elecciones*, 82 DPR 264, 274-275 (1960), el Supremo expresó que para determinar si se expide un mandamus se deben tomar en cuenta las siguientes consideraciones: (1) el mandamus es el recurso apropiado cuando el peticionario no dispone de otro remedio legal adecuado para hacer valer su derecho y cuando se trate del incumplimiento de un deber ministerial que se alega ha sido impuesto por ley; (2) la solicitud de mandamus tiene que ir dirigido contra el funcionario principal encargado del cumplimiento del deber, se levantan cuestiones de interés y el problema planteado requiere una solución pronta y definitiva; (3) el peticionario establece que hizo un requerimiento previo al funcionario para que este realizase el acto cuyo cumplimiento se solicita; y (4) el peticionario tiene un interés indiscutible en el derecho que se reclama, distinto al que pueda tener cualquier otro ciudadano.

### C. El Reglamento del Tribunal de Apelaciones

En lo pertinente, la Regla 55 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-A, R.55, dispone en cuanto al contenido del escrito de *mandamus* lo siguiente:

A. Cualquier petición para que el Tribunal expida un recurso de hábeas corpus o *mandamus* contendrá numeradas, en el orden que aquí se dispone, las partes siguientes:

1. Las citas de las disposiciones legales que establecen la jurisdicción del Tribunal y la Región Judicial a la que corresponde el recurso de conformidad con la ley y el inciso (G) de esta regla.
2. Un breve resumen de los hechos.
3. Un señalamiento breve y conciso de las controversias de derecho planteadas en la petición, de las disposiciones de la ley y de la jurisprudencia aplicables.
4. Un argumento de las controversias planteadas.
5. La súplica.

B. […]

C. La cubierta de la petición contendrá solamente el epígrafe, el cual identificará a la parte peticionaria y a las partes contrarias como demandadas, y el nombre, la dirección, el teléfono, el número de fax, la dirección del correo electrónico, si lo tuviere, y el número de colegiado(a) del abogado(a) de la parte peticionaria, si alguno(a). Inmediatamente después habrá un índice detallado de la petición, que se ajustará a lo dispuesto en la Regla 75.

D. Cualquier documento que se deba traer a la atención del Tribunal de Apelaciones en esta etapa del procedimiento se unirá al final de la petición como apéndice.

E. La petición no excederá de veinticinco páginas cuando el expediente sea físico y treinta y cinco páginas cuando el expediente sea electrónico, exclusive de la certificación de notificación, del índice y del apéndice, salvo que el Tribunal autorice un número mayor de páginas conforme a lo dispuesto en la Regla 70(D).

F. No se permitirá la presentación de un memorando de autoridades por separado, por lo que la argumentación y los fundamentos de derecho deberán ser incluidos en el mismo cuerpo de la petición.

G. […]

H. […]

I. [...]

J. La parte peticionaria emplazará a todas las partes a tenor con las disposiciones de las Reglas de Procedimiento Civil y de las leyes pertinentes. Cuando se trate de un recurso de mandamus dirigido contra un Juez o una Jueza para que este o esta cumpla con un deber ministerial con relación a un caso que esté pendiente ante su consideración, el peticionario no tendrá que emplazar al Juez o a la Jueza de acuerdo con las disposiciones pertinentes de las Reglas de Procedimiento Civil. En estos casos, bastará con que el peticionario notifique al Juez o a la Jueza con copia del escrito de mandamus en conformidad con lo dispuesto en la Regla 13(B) de este

Reglamento. También deberá notificar a las otras partes en el pleito que originó la petición de mandamus y al tribunal donde este se encuentre pendiente, en conformidad con la Regla 13(B).

K.  […]

L.  […]

Por su parte, el inciso (C) de la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-A, R. 83 (C), dispone que: "[e]l Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o **denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B)** precedente". (Énfasis nuestro). A tales efectos, el inciso (B) de la citada regla establece lo[s] siguientes motivos:

(1) que el Tribunal de Apelaciones carece de jurisdicción;
(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
(3) que no se ha presentado o proseguido con diligencia o de buena fe;
(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;
(5) que el recurso se ha convertido en académico. 4 LPRA Ap. XXII-A, R. 83 (B).

**III**

Reiteramos que el recurrente acude ante nos mediante un escrito titulado *mandamus* y nos solicita la expedición del recurso extraordinario para compeler a la Sra. Sanabria y Caribbean University, a desglosar el costo por ciclo de su matrícula y que expliquen en donde se encuentra el sobrante de su beca otorgada por el *Federal Student Aid*. Examinado el derecho aplicable antes expuesto en relación con el recurso extraordinario de *mandamus*, es forzosa la conclusión de que no procede su expedición pues el mismo no cumple con los requisitos de forma requeridos. A raíz de lo antes expuesto, **estamos atendiendo su petitorio como un recurso de *Revisión Administrativa*.**

El Sr. Miranda Santana, **presentó el 10 de junio de 2025 una Solicitud de Remedio Administrativo Núm. B-925-25,**[2] y el DCR emitió

---

[2] Apéndice del recurso, *Resolución Recurrida*, págs. 1-2, documento titulado **Respuesta del Área Concernida/Superintendente**.

una *Respuesta al Miembro de la Población Correccional* el 16 de junio de

2025*,* que se cita como sigue:

> EN RESPUESTA A SU SOLICITUD **LE INFORMAMOS QUE SU SOLICITUD FUE REFERIDA A LA SRA. FUENTES DIRECTOR DEL ÁREA EDUCATIVA QUIEN NOS INFORMO(***SIC***) QUE EL RECLAMO SE DEBE DIRIGIR AL SR. MALDONADO SUPERINTENDENTE** Y ASÍ SE HIZO POR LO QUE **LE DAREMOS SEGUIMIENTO AL MISMO. TAN PRONTO SE RECIBA LA RESPUESTA SE LA HARÁ LLEGAR.**[3]

En la notificación de la *Respuesta al Miembro de la Población*

*Correccional*, **se le hizo la siguiente advertencia**:

> Conforme al reglamento Vigente:
>
> Si el miembro de la población correccional **no estuviese conforme con la respuesta emitida**, este podrá solicitar revisión de la misma **presentando un recurso de revisión ante el Tribunal de Apelaciones, dentro del término de treinta (30) días del recibo de la respuesta emitida**, **o presentando una solicitud de reconsideración dentro del término de veinte (20) días del recibo de la respuesta emitida**.

Ante la advertencia informada en la Respuesta del Área

Concernida/Superintendente por la Sra. Maribel García Charriez,

Evaluadora del DCR, **el Sr. Miranda optó por presentar un recurso de**

**revisión ante el Tribunal de Apelaciones dentro del término de treinta**

**(30) días**.  Tras un análisis de lo solicitado por el recurrente, y un estudio

del expediente, surge que el DCR atendió la solicitud del Sr. Maldonado;

su reclamo fue referido a la Sra. Sanabria, Directora del Área Educativa de

la Institución Educativa Caribbean University, la persona quien fue

designada para que orientara al recurrente con relación con su reclamo.

Resolvemos que procede confirmar a la agencia administrativa.


**IV**

Por los fundamentos que anteceden, acogemos el presente recurso

como uno de Revisión Administrativa y confirmamos el dictamen recurrido.

Notifíquese.

---

[3] *Id.*

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.  La Juez Aldebol Mora disiente con opinión escrita.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

| | | |
|---|---|---|
| VICTOR MIRANDA SANTANA<br><br>Recurrente<br><br><br>v.<br><br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2025RA00091 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso núm.: Remedio Administrativo Núm. B-603-25 |

Panel integrado por su presidenta, la jueza Ortiz Flores, la juez Aldebol Mora y la jueza Boria Vizcarrondo.

# VOTO DISIDENTE

En San Juan, Puerto Rico, a 1 de diciembre de 2025.

La juez Aldebol Mora disiente respetuosamente de la postura plasmada por la mayoría de este Panel, por entender que procede desestimar el recurso de epígrafe por falta de jurisdicción por ser prematuro. En particular, la juez Aldebol Mora emite las siguientes expresiones:

Sabido es que la solicitud de remedio administrativo sirve para atender cualquier queja o agravio sobre asuntos relacionados al bienestar físico, mental, seguridad personal o el plan institucional de un miembro de la población correccional. Este proceso puede servir a la persona confinada para reclamar un derecho o privilegio concreto. En atención a ello, el *Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional*, Reglamento Núm. 8583, 4 de mayo de 2015 (Reglamento Núm. 8583), impone responsabilidades, tanto a los miembros de la población correccional, como a los funcionarios que intervienen en este procedimiento. Asimismo, el referido cuerpo reglamentario establece que todo funcionario que incurra

en violación a las normas establecidas en el citado reglamento podrá estar sujeto a la imposición de medidas disciplinarias.

Cuando el miembro de la población correccional radica su solicitud de remedio administrativo, la persona evaluadora asignada referirá dicho petitorio al funcionario pertinente en un término no mayor de quince (15) días laborables a partir del recibo de esta. **Será obligación de dicho funcionario dar seguimiento a las áreas pertinentes para que le respondan sobre las alegaciones vertidas en la solicitud y poder cumplir con el referido término. Una vez la persona evaluadora recibe la información requerida, contestará y entregará por escrito la respuesta al miembro de la población correccional dentro del término de veinte (20) días laborables.**

De no cumplirse con el término reglamentario para emitir respuesta a la solicitud de remedio, se emitirá una notificación de vencimiento al término reglamentario para que tome acción en siete (7) días laborables. De no recibirse la respuesta en el término dispuesto, se le enviará copia al Coordinador quien, a su vez, remitirá la copia al Jefe de Programas del Negociado de Instituciones Correccionales en Nivel Central. Este notificará al Director Regional por conducto del Secretario Auxiliar en Programas y Servicios sobre el incumplimiento del Reglamento. El incumplimiento de este Reglamento será notificado a la Secretaria del Departamento de Corrección y Rehabilitación, por conducto del Secretario Auxiliar en Programas de Servicios, para que actúe conforme al Manual de Medidas Disciplinarias para Empleados del Departamento de Corrección y Rehabilitación.

Si el miembro de la población correccional no estuviere de acuerdo con la respuesta emitida, podrá solicitar su revisión mediante un escrito de reconsideración presentado ante el Coordinador, dentro del término de veinte (20) días calendarios, contados a partir del recibo de la notificación de la respuesta. El miembro de la población correccional podrá solicitar revisión ante el Tribunal de Apelaciones, dentro del término de treinta (30) días calendarios, contados a partir de la fecha del archivo en autos de la

copia de la notificación de la resolución de reconsideración, emitida por el Coordinador de Remedios Administrativos, o noventa (90) días a partir de la radicación de la solicitud de reconsideración acogida, si la agencia no actúa conforme a esta.

En el caso de autos, de una cuidadosa lectura de la resolución recurrida, surge con meridiana claridad que el Departamento de Corrección y Rehabilitación no resuelve la controversia o el remedio solicitado. En la referida contestación, la agencia simplemente informó que el asunto sobre la beca federal sería referido a Caribbean University para que orientara a Víctor Miranda Santana (recurrente) con relación a lo alegado en la solicitud de remedio en cuestión. Sin embargo, ello no atiende los reclamos de la parte recurrente en su petitorio.

Sabido es que la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, Ley Núm. 201 de 22 de agosto de 2003, 4 LPRA sec. 24y(c), solo autoriza a este Foro intermedio revisar las **órdenes o resoluciones finales** emitidas por organismos o agencias administrativas. *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99 (2023). Una orden o resolución se considera final cuando ha sido emitida por la última autoridad decisoria o adjudicativa del ente administrativo y **pone fin a la controversia ante la agencia, sin dejar asunto pendiente alguno**. *Bird Const. Corp. v. A.E.E.*, 152 DPR 928, 935-936 (2000).

Por lo anterior, **el dictamen recurrido, aún se encuentra pendiente de adjudicación ante el Departamento de Corrección y Rehabilitación, el cual deberá regirse por los procedimientos, términos y responsabilidades dispuestos en el Reglamento Núm. 8583,** *supra*. En ese sentido, reiteramos que el reclamo del recurrente es prematuro, pues, no solo presentó en destiempo el presente recurso, sino que **la agencia aún no ha emitido una determinación final revisable por este Tribunal de Apelaciones, que atienda todos los reclamos del recurrente**. En conclusión, por carecer de autoridad para atender el recurso, solamente

podemos decretar la desestimación de este. *Lozada Sánchez et al. v. JCA,* 184 DPR 898, 909 (2012).


Waleska Aldebol Mora
Juez de Apelaciones